IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTINA ALICIA LYNCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:21-cv-461 (MTT) |
| ) | |
| TIMOTHY WARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Christina Alicia Lynch—a transgender inmate in the custody of the Georgia Department of Corrections ("GDC")—raises a variety of constitutional and state law claims that stem from her incarceration at various GDC facilities. Doc. 5. Defendants Timothy Ward, Sharon Lewis, Javel Jackson, Ahmed Holt, Robert Toole, Randy Sauls, and Grace Atchison—all sued in their individual and official capacities—moved to dismiss on exhaustion grounds, statute of limitations grounds, and sovereign immunity grounds. Doc. 17. For the following reasons, that motion is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

Lynch previously challenged GDC's policies with respect to transgender inmates through a lawsuit in 2015. Doc. 5 ¶¶ 1-2; *see also Lynch v. Lewis*, 2015 WL 1296235 (M.D. Ga. Mar. 23, 2015). As part of settlement negotiations in that case, the GDC agreed to provide Lynch hormone therapy, assessment for facial hair removal, and other treatments assessed as the basic standard of care by the World Professional

Association for Transgender Healthcare. Doc. 5 ¶ 5. Lynch once again finds herself incarcerated following a parole violation and once again brings suit against a variety of GDC officials to challenge the GDC's policies with respect to transgender inmates. *Id.* ¶ 6.

Lynch claims the defendants have refused her requests to be housed in a women's facility in line with her identified gender, and as a result, she has endured sexual abuse. *Id.* ¶ 7. Lynch further alleges the defendants have refused to provide her with adequate treatment for gender dysphoria, which has imperiled her physical and mental health. *Id.* ¶ 11. In other words, the gravamen of Lynch's complaint is the GDC's apparent refusal to place her in a women's facility and provide healthcare that Lynch claims is medically necessary for the treatment of her gender dysphoria. *Id.* ¶¶ 13-14. Lynch claims these alleged failures amount to constitutional violations and are violative of the settlement agreement reached in her 2015 case. *Id.* ¶ 6.

The Court granted the defendants' motion to stay filed concurrently with their motion to dismiss and stayed all discovery in this case until the resolution of the defendants' motion to dismiss. Doc. 19.

## II. STANDARD

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the court [can] draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.,* 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks and citation omitted). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018) (citations omitted).

### III. DISCUSSION

The defendants concede Lynch in fact exhausted her administrative remedies and withdraw their motion on that ground.[1]  Doc. 23 at 1-2.  Lynch concedes sovereign immunity precludes her state law claims, both of which stem from the GDC's alleged

---

[1] Lynch's grievances were submitted through a pilot program and not reflected in the GDC grievance history or in the records at Macon State Prison or Valdosta State Prison.  Doc. 23 at 1-2.  The defendants, through counsel, overlooked the grievances submitted through the pilot program when preparing their motion to dismiss and supporting brief.  *Id.* at 2.  Once that error was realized, the defendants promptly withdrew their exhaustion argument.

breach of the 2015 settlement agreement.  Docs. 5 ¶¶ 94-119; 20 at 2.  Accordingly, the defendants' motion (Doc. 17) as to those claims is **GRANTED**, and Lynch's "breach of contract" (Count III) and "fraud in the inducement" (Count IV) claims are **DISMISSED without prejudice**.  Similarly, with the benefit of briefing, the parties appear to agree that Lynch's official capacity claims for damages must fail.  Docs. 20 at 14-15; 23 at 5-7.  That is understandable.  States—and, by extension, arms of the state—are not "persons" within the meaning of § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  And § 1983 subjects only "persons" to monetary liability for violations of constitutional rights.  Accordingly, Lynch's official capacity claims, to the extent she seeks monetary damages, are **DISMISSED**.[2]  Of course, Lynch may still seek declaratory or injunctive relief against the defendants in their official capacity.  *Ex Parte Young*, 209 U.S. 123, 159-160 (1908); *see also Will*, 491 U.S. at 71 n.10 (when a state official in his official capacity is sued for such relief, that official "would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.") (citation omitted).

The only issue that remains, for the purposes of the defendants' motion, is the defendants' failure to provide facial hair removal treatment, raised in Count I of Lynch's complaint as an alleged violation of the Eighth Amendment as it relates serious medical needs.  Docs. 5 ¶¶ 74-78; 17 at 9-11; 20 at 12-14; 23 at 2-5.  The defendants argue the portion of Lynch's Eighth Amendment claim that seeks recovery for denial of facial hair removal treatment is barred on statute of limitations grounds because Lynch's grievance

---

[2] Damages remain available for Lynch's individual capacity claims against the defendants.  With their exhaustion argument withdrawn, the defendants do not presently argue those claims should be dismissed.  Doc. 23 at 7.

as to that issue was resolved by February 14, 2019, and her lawsuit was filed over two years later.[3]  Doc. 17-1 at 10.  Lynch contends the denial of facial hair removal constitutes a continuing violation and thus tolls the statute of limitations.  Doc. 20 at 12-14.

Dismissal on statute-of-limitations grounds is "'appropriate only if it is apparent from the face of the complaint that the claim is time-barred' and 'only if it appears beyond a doubt that [the plaintiff] can prove no set of facts that toll the statute.'"  *Sec'y of Labor v. Labbe,* 319 F. App'x 761, 764 (11th Cir. 2008) (quoting *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005), *overruled on other grounds by Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010) (alteration in original)).  The continuing violation doctrine is one such exception that tolls the statute of limitations.  *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003).  Where a continuing wrong is involved, "the cause of action accrues, and the limitation period begins to run, at the time the unlawful conduct ceases*."  Smith v. Shorstein*, 217 F. App'x 877, 881 (11th Cir. 2007).  Refusal to provide medical treatment may constitute a continuing violation.  *See, e.g.*, *Brown v. Roberts*, 2010 WL 1258028, at *1 (M.D. Ga. Mar. 26, 2010).

Given that the statute of limitations in this case may have been tolled due to a continuing violation, the Court cannot say at this time that Lynch's Eighth Amendment claim that stems from the defendants' failure to provide facial hair removal treatment is necessarily barred by the statute of limitations.  As such, the Court declines to dismiss

---

[3] The parties do not dispute that a plaintiff must commence a § 1983 claim in Georgia within two years of when the cause of action accrues.  The two-year clock exists because "[s]ection 1983 claims ... are governed by the forum state's residual personal injury statute of limitations." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999); *see also Reynolds v. Murray*, 170 F. App'x. 49, 50 (11th Cir. 2006) (section 1983 action filed in Georgia is governed by Georgia's personal injury statutory limitation period of two years).

the portion of Lynch's Eighth Amendment claim at issue without further factual development.[4]  The defendants' motion to dismiss on statute of limitations grounds is **DENIED without prejudice**.

## IV. CONCLUSION

For the reasons discussed above, the defendants' motion to dismiss (Doc. 17) is **GRANTED in part** and **DENIED in part**.  As conceded by Lynch, her state law claims are barred by sovereign immunity, and those claims are **DISMISSED without prejudice**.  Lynch's claims against the defendants in their official capacities may only proceed to the extent Lynch seeks declaratory or injunctive relief.  Finally, the Court cannot say on this record that the portion of Lynch's Eighth Amendment claim that seeks recovery for the denial of facial hair removal treatment is barred by the statute of limitations, and the defendants' motion to dismiss on that ground is **DENIED**.  Accordingly, the stay in this case (Doc. 19) is **LIFTED**, and the parties may proceed with discovery.

**SO ORDERED**, this 1st day of July, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] Although not addressed by either party, tolling may also be appropriate based on the emergency orders entered by the Georgia Supreme Court in 2020 in response to the COVID-19 pandemic.  *See Cooper v. Georgia Dep't of Corr.*, 2022 WL 798033, at *3-*4 (M.D. Ga. Mar. 15, 2022).