IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHRISTINA ALICIA LYNCH, | ) |
| Plaintiff, | ) ) ) ) ) |
| v. | ) CIVIL ACTION NO. 5:21-cv-461 (MTT) |
| TIMOTHY WARD, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

# ORDER

In this 42 U.S.C. § 1983 action, Plaintiff Christina Alicia Lynch—a transgender inmate in the custody of the Georgia Department of Corrections ("GDC")—contends her Eighth and Fourteenth Amendment rights were violated when the GDC refused to place her in a women's facility and provide medically necessary healthcare to treat her gender dysphoria.  Doc. 5.  Defendants Timothy Ward, Sharon Lewis, Ahmed Holt, Robert Toole, Randy Sauls, and Grace Atchison now move for summary judgment.[1]  Doc. 43. Rather than respond to the defendants' motion for summary judgment, Lynch moves for voluntary dismissal without prejudice.  Doc. 47.

"Except as provided in Rule 41(a)(1)," which is inapplicable here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court

---

[1] The Court previously dismissed Lynch's state law claims on sovereign immunity grounds and allowed her official capacity claims to proceed only to the extent Lynch sought declaratory or injunctive relief. Doc. 24 at 6.  Additionally, by stipulation, Lynch dismissed all claims against Dr. Javel Jackson with prejudice.  Doc. 40.  Accordingly, only Lynch's constitutional claims for monetary damages and injunctive relief against Defendants Timothy Ward, Sharon Lewis, Ahmed Holt, Robert Toole, Randy Sauls, and Grace Atchison remain.

considers proper." Fed. R. Civ. P. 41(a)(2). "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986). "The crucial question to be determined is, would the defendant lose any substantial right by the dismissal." *Id.* (citation omitted). In the Eleventh Circuit, "delay alone, in the absence of bad faith, is insufficient to justify a dismissal with prejudice, even where a fully briefed summary judgment motion is pending." *Id.* at 1258. Because Rule 41(a)(2) exists mostly to protect defendants, the Court may attach conditions and impose costs to "do justice between the parties." *Id.* at 1256 (quoting *McCants*, 781 F.2d at 857).

Lynch contends voluntary dismissal is warranted because she is in a different position than when she initiated this action: the GDC is now providing her with facial hair removal treatment, she is now eligible for parole, and the legal landscape governing her claims has evolved. Doc. 47. More importantly, the defendants do not argue Lynch's motion for voluntary dismissal is in bad faith, rather, they contend that they are entitled to judgment on the merits because, after having been "forced to litigate this case through discovery," their "motion for summary judgment is uncontroverted." Doc. 48. But without a showing of bad faith—the Court finds none here—the fact that the defendants moved for summary judgment before Lynch moved for voluntary dismissal is not dispositive. *Pontenberg*, 252 F.3d at 1258.

Accordingly, Lynch's motion to dismiss without prejudice (Doc. 47) is **GRANTED**. Because Lynch's claims are dismissed without prejudice, the defendants' motion for summary judgment (Doc. 43) is **DENIED** as moot.

**SO ORDERED**, this 5th day of June, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
